UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGICON, LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:08-cv-03639 |
| WEATHERFORD INTERNATIONAL, INC. D/B/A WEATHERFORD INTERNATIONAL, LTD., | § § § § | |
| Defendant. | § | |
| WEATHERFORD INTERNATIONAL, INC., and WEATHERFORD U.S., L.P., | § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 4:08-cv-03636 |
| MAGICON, LLC, KING WADE BENNETT, Individually, BOBBY DIAZ, Individually, JOE PUCCIA, Individually, and MARK DONAHO, Individually, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Pending before the Court is the Motion to Dismiss Magicon's Negligent Misrepresentation Claim (C.A. No. 08-cv-3639, Doc. No. 15, and C.A. No. 08-cv-3636, Doc. No. 20) of Weatherford International, Inc. ("Weatherford"). For the following reasons, this Motion must be **DENIED**.

**I. INTRODUCTION**

1

Weatherford's version of the facts is provided in another Order recently issued by the Court.[1] As this Motion addresses MagiCon's Complaint, the facts are presented in the light most favorable to MagiCon.

On or about August 2007, Weatherford retained MagiCon to provide services concerning the Forecasting Module. (MagiCon's 2d. Am. Compl. ("2d. Am. Compl") ¶ 5, C.A. No. 08-cv-3939, Doc. No. 22.) Weatherford was expected to pay $293,750 in December 2007 and the same amount when the project was complete. (*Id.*) MagiCon began working immediately and, on December 7, 2007, provided Weatherford an invoice for $293,750. Weatherford paid that amount in January 2008 and acknowledged that this payment was "per our agreement and Weatherford's complete satisfaction with MagiCon's work to date." (*Id.*)

In April and May 2008, MagiCon scheduled a meeting with Weatherford to finish the Forecasting Module. A Weatherford representative noted "cosmetic and other minor changes" needed to the Forecasting Module and explained that, in April 2008, the "forecasting is working now." (*Id.* at ¶ 6.) By May 2008, the Forecasting Module was 90 percent complete, and Weatherford told MagiCon that the project was satisfactory and on time. (*Id.*) It also told MagiCon that the only unfinished item concerned a reporting issue. (*Id.* at ¶ 7.) MagiCon avers that Weatherford never provided MagiCon the necessary information to finish the final 10 percent of the project. (*Id.*)

In late May 2008, MagiCon's Mark Donaho terminated the staff of MagiCon, including Bobby Diaz and Joe Puccia. (*Id.* at ¶ 9.) At that time, Weatherford retained

---

[1] This case is a consolidated action of a MagiCon's removed state court action (8-cv-3636) and a case filed in federal court by Weatherford (8-cv-3639) consolidated under case number 8-cv-3639. Because the parties are in opposing positions in the actions, the Court will eschew the labels Defendant and Plaintiff and refer to the parties by name. The individual MagiCon litigants, King Wade Bennet, Bobby Diaz, Joe Puccia, and Mark Donaho will not, therefore, be referred to as Plaintiffs.

Donaho, Diaz and Puccia to work at Weatherford's offices to finish the cosmetic pieces of the "Forecasting System."[2] (*Id.* at ¶ 10.) Because MagiCon's three principal employees were now retained by Weatherford, MagiCon was prevented from further work on the Forecasting Module. (*Id.* at ¶ 10.)

In August 2008, Weatherford took the position that MagiCon failed to comply with performance specifications and delivery milestones and therefore delayed payment. (*Id.* at ¶ 11.) Upon information and belief, MagiCon avers that Weatherford is using the fruits of MagiCon's labor and has not compensated MagiCon pursuant to the agreement. (*Id.* at ¶ 12.) MagiCon sues for breach of contract or, in the alternative, quantum meruit, as well as federal unfair competition and misappropriation, Texas unfair competition and misappropriation, trade secret misappropriation, fraud, negligent misrepresentation, and declaratory and injunctive relief. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and § 1367.

## II.   MOTION TO DISMISS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must

---

[2] The term Forecasting System (as opposed to Forecasting Module) is undefined.

3

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.  NEGLIGENT MISREPRESENTATION

Weatherford contends that the negligent misrepresentation claim is not a viable claim for relief in a suit arising out of a breach of contract. Weatherford argues that MagiCon's original petition, filed in state court and then removed to this Court, is based solely on a breach of contract in an effort to collect the monies allegedly due MagiCon.[3] (Weatherford's Mot., at 1.) MagiCon responds that it alternatively pled that, if the Court were to determine that no agreement existed between the parties, its quantum meruit and negligent misrepresentation claims for relief should remain. Weatherford did not file a Reply.

In determining whether a plaintiff alleges a negligence action separate from his action in contract, the court must examine whether the conduct would give rise to "(1) … liability independent of the fact that a contract exists between the parties and (2) whether the nature of [the plaintiff's] injuries is something more than the mere loss of the benefit of the bargain." *Posey v. Southwestern Bell Yellow Pages, Inc.*, 878 S.W.2d 275, 279 (Tex. App.—Corpus Christi 1994, no writ). *See also Tarrant County Hosp. Dist. v. GE Automotive Services, Inc.*, 156 S.W.3d 885, 895 (Tex. App.—Fort Worth 2005, no pet.).

---

[3] The negligent misrepresentation claim in MagiCon's Second Amended Complaint (C.A. No. 04:08-cv-3639, Doc. No. 22, at ¶¶ 48-51) is very similar to that contained in its First Amended Complaint (C.A. No. 04:08-cv-3639, Doc. No. 12, at ¶¶ 51-54) and attacked in the current Motion to Dismiss. The key difference appears to be that, in the final paragraph explaining the claim for relief, in the Second Amended Complaint, MagiCon avers that Weatherford intended to induce MagiCon to market the Forecasting Module on behalf of Weatherford, whereas, in the First Amended Complaint, MagiCon avers that Weatherford intended to induce MagiCon to market the Module and to "enter into the Agreement." (Doc. No. 12, at ¶ 54.) As this difference does not affect the Court's analysis, it is applicable to the currently active Second Amended Complaint.

Some contracts involve a special relationship, imposing a duty that gives rise to enforceable torts, such as professional malpractice. *Southwestern Bell Telephone Company v. Delanney*, 809 S.W.2d 493, 494 n.1 (Tex. 1991). *See also Fidelity & Deposit Co. of Maryland v. Commercial Cas. Consultants, Inc.*, 976 F.2d 272, 276 (5th Cir. 1992). Moreover, "[a] party to a contract may ... seek alternative relief under both contract and quasi-contract theories." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).

Here, MagiCon has also alleged an action for quantum meruit if the Court finds that no contract existed between the parties. Consequently, if no contract existed between the parties, MagiCon's negligent misrepresentation claim may yet stand. MagiCon has plead facts that, if true, could support a negligent misrepresentation claim.

## IV. CONCLUSION

The Motion to Dismiss MagiCon's Negligent Misrepresentation Claim (C.A. No. 08-cv-3639, Doc. No. 15, and C.A. No. 08-cv-3636, Doc. No. 20) of Weatherford International, Inc. ("Weatherford") Motion must be **DENIED**.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 17th day of July, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.